IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SAMAIYAH HENDERSON § | |
| § | |
| v. § | NO. 4:23-CV-00346-ALM-BD |
| § | |
| NIKI MORRIS, *et al.* § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Samaiyah Henderson sued Collin County Assistant District Attorneys Emily Reichert and Sarah Cary, Court Appointed Special Advocates Supervisor Niki Morris, and her own attorney, Pamela Isaacson, all in their official capacities, under 42 U.S.C. § 1983. Dkt. 1 at 2–3. This order addresses several issues.

## DISCUSSION

### I. Motion for Hearing

Henderson moved to request a hearing before any defendant had been served. Dkt. 12. The motion will be denied.

### II. Motions for Service

Henderson filed two "motions for service" listing the locations at which Reichert and Cary could be served. Dkts. 29, 30. Because those motions were filed after Reichert and Cary had been served and appeared, they are moot. Henderson also filed a motion asking the court to serve the defendants "at their attorney's address on all future filings." Dkt. 31. The defendants who have appeared through counsel have been served electronically with all subsequent filings as prescribed by the court's local rules, *see* Loc. R. CV-5, so that request is also moot.

### III. The Stay

Reichert and Cary moved to dismiss Henderson's complaint. Dkt. 23. The court stayed the case pending resolution of that motion. Dkt. 28. The court granted the motion and dismissed Henderson's claims against Reichert and Cary. Dkt. 39. Because that motion has been resolved, the stay will be lifted.

## IV. Morris's Motion to Dismiss

Morris also moved to dismiss, Dkt. 26, but the court stayed the case before Henderson's response to that motion was due. Because the stay is now lifted, the court will give Henderson an opportunity to respond to that motion before ruling on it.

## V. Attempts to Amend the Complaint

While the case was stayed, Henderson filed a motion "for permission to sue" that includes a proposed amended complaint. Dkt. 34. The court construes that motion as one for leave to amend the complaint. But Henderson later filed another proposed amended complaint, Dkt. 37, after the court's recommendation that the claims against Reichert and Cary be dismissed. That filing does not seek leave to amend.

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint once as a matter of course no later than 21 days after service of a responsive pleading or a Rule 12 motion. After that, the plaintiff may amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court must "freely give leave [to amend] when justice so requires." *Id.* The court may deny leave to amend when any of five factors is present: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023). A subsequent amended complaint ordinarily nullifies any previous complaints. *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023).

Henderson's two attempts to amend her complaint both came long after the time allowed by Rule 15 to amend as a matter of course and do not include the defendants' written consent, so the court's leave is required. But the procedural history creates uncertainty as to which proposed amendment Henderson wants the court to consider. The court will strike the unauthorized amended complaint, Dkt. 37, and give Henderson the opportunity to either move for leave to

2

amend her complaint again or notify the court that her motion for permission to sue, Dkt. 34, should be treated as a motion for leave to amend her complaint.

## VI. Motion to File Electronically

Henderson moved for leave to file electronically. Dkt. 32. The motion will be granted, and the clerk of court will allow Henderson to "register as a Filing User in the Electronic Filing System solely for purposes of th[is] action." Loc. R. CV-5(a)(2)(B). Once registered, she will be able to file electronically. But notwithstanding her pro se status, she will be required to comply with the Federal Rules of Civil Procedure and the court's local rules. The ability to file electronically is a privilege, not a right, and may be rescinded if abused.

## CONCLUSION

It is **ORDERED** that:

1) the motion for a hearing, Dkt. 13, is **DENIED**;
2) the motions for service, Dkts. 29, 30, 31, are **DISMISSED** as moot;
3) the stay, *see* Dkt. 28, is **LIFTED**;
4) the unauthorized proposed amended complaint, Dkt. 37, is **STRUCK**;
5) within 14 days, Henderson:
    a. respond to Morris's motion to dismiss, Dkt. 26; and
    b. do one of the following: (i) notify the court that she seeks leave to amend her complaint as described in her motion for permission to sue, Dkt. 34; (ii) file a motion for leave to amend her complaint alongside a proposed amended complaint, *see* Loc. R. CV-7(k); or (iii) notify the court that she intends to proceed with the claims in her operative complaint, Dkt. 1; and
6) the motion for leave to file electronically, Dkt. 32, is **GRANTED**.

So **ORDERED** and **SIGNED** this 28th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge