# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **SAMAIYAH HENDERSON** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CV-00346-ALM-BD** |
| | § | |
| **NIKI MORRIS** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On November 20, 2025, I issued a report recommending that plaintiff Samaiyah Henderson's complaint be dismissed. Dkt. 46. On December 7, 2025, Henderson filed objections to that report. Dkt. 47. The district judge found the objections untimely, adopted my report and recommendation, Dkt. 61, and entered final judgment, Dkt. 62. Henderson moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, Dkt. 63, and the district judge referred the motion to me, Dkt. 64. The motion should be denied.

## DISCUSSION

Rule 59(e) permits a party to move to alter or amend a judgment within 28 days of entry of the judgment. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," and a Rule 59(e) motion should be granted only when it would "serve[] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Henderson argues that the memorandum adopting the report and recommendation "was based on a clear and manifest error of fact" because it noted that "no timely objections [were] filed." Dkt. 63 at 1 (boldface removed) (quoting Dkt. 61). She is incorrect.

As the report and recommendation warned, Dkt. 46 at 14, title 28 U.S.C. § 636(b)(1) gives any party 14 days to object to the recommendation of a magistrate judge after that party is served with

a copy of the recommendation. Failure to file objections waives them. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

Henderson concedes that, under § 636(b)(1), any objections to the report and recommendation were due on December 4, 2025, but her objections were not filed until December 7, 2025. Dkt. 63-2. She argues that Federal Rule of Civil Procedure 6(d) extended the objection deadline to December 7, 2025. Dkt. 63 at 2. That rule provides that, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). But Henderson, an electronic-filing user, *see* Dkt. 42, who consented to receive electronic notice, Dkt. 5, was served the report and recommendation under Rule 5(b)(2)(E), not Rule 5(b)(2)(C), (D), or (F). As such, Rule 6(d) does not apply.

Henderson makes no other argument for why the judgment should be altered or amended. Nor does she offer any reason that there was good cause to extend the deadline or that her failure to meet the deadline was because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) (providing that the court may extend a deadline after it has expired if good cause exists and the party failed to act because of excusable neglect); *Graham v. HRchitect, Inc.*, No. 4:16-cv-743, 2017 WL 3216609, at *1 (E.D. Tex. July 28, 2017) (stating that, as opposed to a party that moves for an extension before a deadline has passed, "[a] party seeking an after-the-fact extension bears a heavier burden of demonstrating both 'good cause' and 'excusable neglect'"). The district judge was correct. No timely objections to the report and recommendation were filed.

## RECOMMENDATION

It is **RECOMMENDED** that the motion to alter or amend the judgment, Dkt. 63, be **DENIED**.

*   *   *

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

2

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 2nd day of April, 2026.

_____
Bill Davis
United States Magistrate Judge